IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 06-cv-02255-BNB

MIKE MARZONIE,

APR 1 9 2007

GREGO... ... ...NGHAM
CLERK

     Plaintiff,

v.

JUDGE STANLEY MAYHEW, District II,
SHERIFF FRED WAGNER,
LT. MULDOON,
DEPUTY JEFF WOODS, and
BRIAN GREEN, D/A District II,

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Pursuant to Magistrate Judge Boland's November 9, 2007, Order, Plaintiff Mike Marzonie has submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

In the Complaint, Mr. Marzonie asserts that he was assaulted by Defendant Deputy Jeff Woods at the time of his arrest, which resulted in a cracked skull and a broken leg. Plaintiff further asserts that Defendant Sheriff Fred Wagner is aware of Defendant Woods' behavior but has failed to take any action against Defendant Woods. With respect to the claims asserted against Defendants Woods and Wagner, the action will be drawn to a district judge and to a magistrate judge.

The remainder of Plaintiff's claims asserted against Defendants Judge Stanley Mayhew, Lt. Muldoon, and Brian Green involve Plaintiff's criminal proceedings in state court. Plaintiff is challenging an alleged illegal sentence, denial of work release, and his eligibility for probation.

As for Defendant Green's prosecutorial activities in Plaintiff's state criminal case, he enjoys immunity from suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Marzonie's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell* , 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendant Green is an inappropriate party to the action.

With respect to Defendant Judge Mayhew, he is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Plaintiff must assert that Judge Mayhew was acting in the clear absence of all jurisdiction. *Id.* The Court finds that Judge Mayhew acted in his judicial capacity, and he is immune from suit. The Court

also notes that in Plaintiff's Motion for Reconsideration filed on March 20, 2007, Plaintiff seeks to remove Judge Mayhew as a party to the action.

Finally, the claims that Plaintiff asserts against Defendant Lt. Muldoon involve the testimony he gave during a state proceeding regarding Plaintiff's eligibility for work release. Defendant Muldoon is entitled to absolute immunity for his testimony. **Briscoe v. Lahue**, 460 U.S. 325 (1983).

Furthermore, it is not clear whether Plaintiff is a pretrial detainee or has been sentenced. To the extent that Plaintiff is a pretrial detainee and he is challenging his pending criminal proceeding in state court, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. **See Younger v. Harris**, 401 U.S. 37, 45 (1971); **Phelps v. Hamilton**, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. **See Younger**, 401 U.S. at 46. The exceptions to **Younger** provide only for a "very narrow gate for federal intervention." **Phelps**, 59 F.3d at 1064 (internal quotation marks omitted).

The fact that a criminal defendant will be forced to appear and be sentenced in state court, by itself, is not sufficient to establish great and immediate irreparable injury. **See Younger**, 401 U.S. at 46; **Dolack v. Allenbrand**, 548 F.2d 891, 894 (10th Cir. 1977). Therefore, Plaintiff fails to assert an exception to **Younger**.

If Mr. Marzonie believes that his federal constitutional rights were violated in obtaining his conviction and sentence he may pursue his claims in this Court by filing

an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he exhausts state remedies. Accordingly, it is

ORDERED that Defendants Judge Stanley Mayhew, Brian Green, and Lt. Muldoon are dismissed as inappropriate parties to the action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Judge Stanley Mayhew, Brian Green, and Lt. Muldoon from the docketing record as parties to this action. It is

FURTHER ORDERED that the claims asserted against Defendants Fred Wagner and Jeff Woods shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that the Clerk of the Court shall serve both Defendants Fred Wagner and Jeff Woods at the address Plaintiff provided for Defendant Fred Wagner in "Section A." of the complaint form.

DATED at Denver, Colorado, this _18_ day of _____April_____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02255-BNB

Mike Marzonie
c/o Fred Konrad
PO Box 254
Pine, CO 80470

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  4-19-07

GREGORY C. LANGHAM, CLERK

By _____
                  Deputy Clerk